**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YOLANDA GARCELL,**

**Plaintiff,**

**v.**

**NATIONAL ACADEMIC EDUCATIONAL PARTNERS, INC.,**

**CASE NO. 6:21-cv-000288**

***Plaintiff Demands a Trial by Jury***

**COMPLAINT**

Plaintiff, Yolanda Garcell (hereinafter referred to as "**Plaintif**" and/or "**Garcell**"), by and through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant National Academic Educational Partners, INC. (hereinafter referred to as "**Defendant**" and/or "**NAEP**"), and alleges as follows:

**NATURE OF CASE**

1. This is an action for relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and seeks damages to redress the injuries Plaintiff Garcell has suffered as a result of being exposed to religious discrimination and retaliation.

2. Furthermore, this action is to redress the Defendant NAEP's unlawful employment practices against Plaintiff Garcell, including Defendant NAEP's unlawful discrimination against Plaintiff Garcell because of her religion, for permitting Plaintiff to be subjected to an unwelcome discriminatory environment, for failing to engage in a dialogue regarding Plaintiff's request for a reasonable accommodation, and for Defendant's retaliatory actions

against Plaintiff for requesting a religious accommodation, all leading to her wrongful and unlawful termination.

**JURISDICTION AND VENUE**

3. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq*. ("Title VII").

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendants were located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Kissimmee, Florida, which is in Osceola County, Florida.

**PROCEDURAL PREREQUISITES**

6. Plaintiff has complied with all statutory prerequisites to file this action.

7. On or about May 4, 2020, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant as set forth herein.

8. An EEOC filing automatically operates as a dual FCHR filing.

9. This action is being commenced more than (180) days since the inception of Plaintiff's administrative action against the Defendant.

10. On or about November 12, 2020, the EEOC issued Plaintiff a Right to Sue Letter.

11. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

**PARTIES**

12. At all material times, Plaintiff Yolanda Garcell (hereinafter referred to as "Plaintiff" or "Garcell") is an individual, Christian, female who is a resident of the State of Florida and resides in Miami-Dade County.

13. At all material times, Defendant National Academic Educational Partners, INC. (hereinafter "Defendant" and/or "NAEP") is a Florida for-profit corporation duly existing by the virtue and laws of the State of Florida with offices in Miami-Dade County, Florida.

14. Defendant NAEP is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

15. At all material times, JEFFREY HERNANDEZ (hereinafter referred to as "HERNANDEZ"), an individual man, was and still is the Founder and Chief Executive Officer of Defendant NAEP, located at 10200 Sunset Drive Miami, FL 33173.

16. At all material times, HERNANDEZ was directly involved in the day-to-day supervision and scheduling of the employees and operations for the of NAEP at above location.

17. As noted on the NAEP website, HERNANDEZ sought out educators and prides himself on his efforts to join an "impressive group of national instructional experts with a specialized focus on school transformation and leader and teacher development. Mr. Hernandez continues his success in transforming low-performing public schools through his direct leadership of school improvement projects in places such as Memphis, TN,

Milwaukee, WI, and Providence, RI, using best-practice and research-based transformational strategies fused with his own extensive practitioner experience."[1]

18. At all material times, HERNANDEZ held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, including but not limited to the power to hire and fire Ms. Garcell.

19. At all material times, ARTUR GLANTS (hereinafter referred to as "GLANTS"), an individual man, was and still is the Chief Operating Officer of Defendant NAEP, located at 10200 Sunset Drive Miami, FL 33173.

20. At all material times, GLANTS was directly involved in the day-to-day supervision and scheduling of the employees and operations for the of NAEP at above location.

21. At all material times, GLANTS held supervisory authority over Plaintiff, controlling various tangible aspects of her employment, including but not limited to the power to hire and fire Ms. Garcell.

## STATEMENT OF FACTS

22. On or about August 19, 2018, GLANTS hired Plaintiff to serve as Defendant NAEP's "Instructional Director" on a full-time basis.

23. Beginning in or about August 2018 and continuing through November 2019, Plaintiff would travel to Chattanooga, Tennessee, and Kissimmee, Florida, consistently on a four-day rotation. Her rotation was either Monday through Thursday or Tuesday through Friday.

24. On more than occasion, Mr. Hernandez stated, "How could someone so smart believe in something written by a man," outright questioning Plaintiff's intelligence and faith simultaneously. Plaintiff was shocked by the comment by her supervisor.

---

[1] http://www.naepartners.org/ourteam

25. In or around June 2019, Defendant NAEP was awarded a contract as the managing company to Avant Garde Academy d/b/a Victory Carter School, located at 2880 N. Orange Blossom Trail, Kissimmee, Florida 34741.
26. Defendant NAEP thereafter expressly requested Plaintiff be promoted to Head of Schools at Victory Charter School in Kissimmee, Florida.
27. Plaintiff worked onsite at the Victory school through the transition from Avant Garde to Victory, a minimum of three days per week.
28. It should be known that Plaintiff is an ordained minister and actively practices and observes her faith, Christianity. Plaintiff routinely attends a Baptist church in strict observance with her religious beliefs, customs, and practices.
29. Specifically, and by no means meant to be an exhaustive list, on Sundays, Plaintiff observed the Sabbath by attending church and would additionally attend Bible Study on Wednesday Evenings.
30. In the Summer of 2019, after Plaintiff had accepted her new role and had been provided assurances to the contrary, Defendant informed Plaintiff her schedule would change. Unexpectedly and unlike her prior schedule, Defendant now required Plaintiff to be on site Monday through Friday. Furthermore, Defendant required that Plaintiff work on the weekend.
31. As a result of this change, Plaintiff's schedule directly contradicted her religious observance.
32. In or around July 2019, deeply impacted by this change, Plaintiff complained to NAEP in relation to the new work schedule interfering with her Christian practices on Wednesdays and Sundays.

33. Plaintiff explained to Mr. Hernandez that, in accordance with her faith, she was required to observe and respect the Sabbath by any form of work or labor, an instead attend Church to worship.

34. As such, in the same conversation, Plaintiff expressly requested NAEP accommodate her religious observance and allow her to alter her time present to adapt to minimal interference.

35. Despite her requests, Defendant refused to provide Plaintiff an accommodation to practice her faith. Furthermore, Defendant refused to even engage in an interactive process to discuss any reasonable accommodation.

36. Plaintiff felt as though she had to make the impossible choice between continuing to work at her current location and her need to observe her religious beliefs.

37. As a result of Plaintiff's refusal, Defendant's regularly antagonized Plaintiff. Defendants, aware of Plaintiff's demanding travel schedule to ensure attendance at church, would comment on hear appearance all the while adding events Plaintiff was required to attend.

38. At one point, as a result of the schedule, Plaintiff became ill to the point where she had to take work off. Mr. Hernandez was fully aware of the impact the schedule and demands were having on her.

39. Despite the denial, Plaintiff continued to discuss her need for an accommodation with Mr. Hernandez as often as twice per month, being summarily denied each time. On occasion, Mr. Hernandez would include Mr. Glants in the conversation but would continue to placate the requests and ultimately deny Ms. Garcell's efforts.

40. In November 2019, Defendant wrongfully and unlawfully terminated Plaintiff because of her religious beliefs, because of her request for a religious accommodation and in retaliation for her objections to Defendant's discriminatory treatment.

41. At all relevant times, Plaintiff was and continued to be qualified for the position she held and for the various positions she maintained with Defendant NAEP.

42. Plaintiff claims a continuous practice of discrimination, claims continuing violations, and makes all claims herein under the continuing violations doctrine.

43. Defendant has exhibited a pattern and practice of unlawful discriminatory conduct.

44. Plaintiff believes she has been discriminated and retaliated against in violation of the Title VII.

45. The above are just some examples of unlawful discrimination, harassment, and retaliation to which the Defendants subjected the Plaintiff, and are not an exhaustive list of Plaintiff's experiences of discrimination and harassment while employed with Defendant.

46. As a result of Defendant's actions, Plaintiff Garcell felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

48. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

49. Defendant is either directly or vicariously responsible for the unlawful discrimination and retaliation suffered by Plaintiff.

50. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

**COUNT ONE**
**Cause of Action for Discrimination Under Title VII for Disparate Treatment Based on Plaintiff's Religion**

51. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all paragraphs 22-45.

52. At all times relevant, Plaintiff is and was a devoted member of Baptist Christianity.

53. Defendant NAEP is prohibited under the Title VII from discriminating against Plaintiff because of her religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*:

"(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

55. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her religion.

56. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Ms. Garcell in the terms and conditions of her employment because of her religion, and Defendant did unlawfully discriminate against Ms. Garcell in the terms and privileges of her employment because of her religion in violation of the Title VII.

57. The discriminatory and disparate treatment of Plaintiff included, but was not limited to, failing to reasonable accommodate Plaintiff's request for a religious accommodation and unlawfully terminating Plaintiff because of her religion.

58. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of her religion, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

59. Ms. Garcell was subject to unwelcome, offensive, and harassing discriminatory conduct during her employment with NAEP and this conduct was directed to and perpetuated upon Plaintiff because of her religion.

60. As a result of her religion, Defendant NAEP subjected and permitted its employees to expose Plaintiff to discrimination and unlawful discharge.

61. NAEP was notified about and was otherwise aware of the discriminatory conduct and policies directed at Ms. Garcell by Defendant's employees and failed to take appropriate corrective action.

62. Defendant violated the Title VII by unlawfully discharging and discriminating against Plaintiff based her religion, of which the Defendant was fully aware.

63. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic

damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

*64.* Defendant NAEP's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

65. Conduct of Defendant NAEP and/or its agents deprived Plaintiff of her statutory rights guaranteed under Title VII.

66. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, punitive damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII.

**COUNT TWO**
**Cause of Action for Retaliation Under Title VII**

67. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all paragraphs 22-45.

68. Title VII prohibits retaliation against an employee for opposing conduct which would violate the terms of Title VII.

69. Plaintiff opposed discriminatory conduct by Defendant which is prohibited by Title VII when she complained to Defendant about the race and gender discrimination and hostile work environment that she was subjected to as described and set forth above.

70. Plaintiff's complaints about Defendant's unlawful and discriminatory actions, therefore, constituted protected activity under Title VII.

71. Ms. Garcell complained of her supervisors' refusal to grant her a religious accommodation and requested that Defendant provide her a reasonable accommodation.

72. At all times relevant, Ms. Garcell acted in good faith and with the objective and subjective belief that Defendant NAEP's employees violated of the law and her protected rights.

73. After expressing her opposition to the unlawful discriminatory conduct, Defendant retaliated against Plaintiff by among other things, wrongfully and unlawfully terminating Plaintiff's employment.

74. The adverse employment actions by Defendant were the result of Plaintiff's opposition to the discriminatory conduct to which she was subjected, in violation of Title VII.

75. Defendant's alleged bases for its adverse employment actions against Plaintiff are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

76. Defendant NAEP's employees unlawfully retaliated against Ms. Garcell because she opposed a practice made unlawful by Title VII. Defendant NAEP would not have terminated Ms. Garcell but for her opposition.

77. As a result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

78. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiffs rights under Title VII. Accordingly, Plaintiff also requests punitive damages as authorized by Title VII.

79. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, punitive damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII.

## DEMAND FOR JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, punitive damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII.

Dated: Miami, Florida
February 10, 2020

**DEREK SMITH LAW GROUP, PLLC**

__________________________
Caroline H. Miller, Esq.
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Caroline@dereksmithlaw.com

*Counsel for Plaintiff*